Genkinger v. City of New Castle

720

*Sherman K. Levine*, for plaintiffs.

*Robert White* and *Robert E. Jamison*, for defendant.

LAMOREE, P. J., June 6, 1958.—This matter was argued before the court en banc upon a demurrer filed by plaintiffs to defendant's answer, wherein was raised a question of law. Plaintiffs contend that the answer filed by defendant, City of New Castle, is sufficient in law and that judgment ought to be entered for plaintiffs for the full amount of their claim including interest and costs against the City of New Castle.

Miss Marie C. Hanlon was duly reëlected city treasurer of the City of New Castle, Lawrence County, for a term running from the first Monday of January, 1958, to the first Monday of January, 1962. Miss Hanlon purchased a bond from plaintiff agency as required by law, the said bond having been issued by the National Union Fire Insurance Company of Pittsburgh. The premium on the said bond amounted to $2,882.44, which the City of New Castle refused to pay, but did tender to the Genkinger Agency an amount $606.20 less than the premium prescribed by law in the amount of $2,882.44. On May 2, 1958, the City of New Castle joined the City of New Castle School District as an additional defendant in the case.

The City of New Castle by its answer filed to the complaint admits the first eight paragraphs of the complaint. The City of New Castle admitted that plaintiffs' name has been duly registered under the Fictitious Names Act, that plaintiffs are duly licensed insurance

agents and have been duly licensed as general agents for the National Union Fire Insurance Company of Pittsburgh, that said surety company has been duly licensed to act as surety on bonds by the insurance department and a certificate of such fact has been duly filed in the office of the prothonotary of Lawrence County, at no. 5, June term, 1930, M. D., that Marie C. Hanlon was elected treasurer for the City of New Castle at the 1957 municipal election for a four-year term which began the first Monday of January, 1958, that the said Marie C. Hanlon contracted with plaintiffs for a treasurer's bond in the amount of $100,000, which amount had been fixed by city ordinance, that on December 30, 1957, plaintiffs delivered the executed bond with the said surety company as surety, that Marie C. Hanlon on December 30, 1957, delivered the executed bond to the city solicitor for approval by city council.

The City of New Castle, in its answer set forth in the ninth paragraph thereof, denies that city council approved and accepted the treasurer's bond tendered by Marie C. Hanlon on or before January 6, 1958. However, the City of New Castle does admit that Marie C. Hanlon appeared before the mayor and council on January 6, 1958, to be sworn in as city treasurer of the City of New Castle for a four-year term, but at that time her said bond had not been approved and accepted by the council and that from January 6, 1958 until February 3, 1958, the said Marie C. Hanlon was serving as city treasurer by virtue of her former term of office and that the City of New Castle was not covered during that time by the bond upon which the present suit is now based, but was covered by her former bond. However, the City of New Castle in paragraph number 21 under the heading of new matter sets forth that thereafter on February 3, 1958, the said mayor and council were advised by the city solicitor

and the assistant city solicitor that the bond offered by Miss Hanlon was a good and sufficient bond within the requirements of the Third Class City Code and that the mayor and council were therefore required to approve the same and the mayor and council did thereupon adopt the following resolution:

"WHEREAS, Marie C. Hanlon, Treasurer of the City of New Castle and ex officio Tax Collector for the City of New Castle and the City of New Castle School District, has submitted a bond for One Hundred Thousand no/100 ($100,000.00) Dollars with the National Union Fire Insurance Company of Pittsburgh, Pennsylvania, as surety, together with a bill for the first yearly premium on the said bond for Twenty-eight Hundred and Eighty-two and 44/100 ($2882.44) Dollars, and

"WHEREAS, the Fred H. Navarra Agency has proposed in writing to the Director of Accounts and Finance that it will furnish a like bond with the American Casualty Company of Reading, Pennsylvania, for Twenty-two Hundred and Seventy-six and 24/100 ($2276.24) Dollars;

"NOW, THEREFORE, BE IT RESOLVED BY THE COUNCIL OF THE CITY OF NEW CASTLE, PENNSYLVANIA, That the bond tendered by Marie C. Hanlon, as aforesaid, be approved, but the amount of the premium charged therefor, Twenty-eight Hundred and Eighty-two and 44/100 ($2882.44) Dollars be not approved and that the City be bound to pay an annual premium on the said bond of not more than Twenty-two Hundred and Seventy-six and 24/100 ($2276.24) Dollars."

From the foregoing the real issue involved in the matter now before us becomes readily apparent, namely whether or not the City of New Castle can contest the premium rates involved in the present litigation. The City of New Castle is apparently seeking to test

the constitutionality of The Casualty and Surety Rate Regulation Act of June 11, 1947, P. L. 538, 40 PS §1181 et seq., which covers the subject of rate making and vests exclusive jurisdiction in the insurance department and the insurance commissioner. The procedure prescribed by statute for the City of New Castle to object to any rates regularly and properly filed is lodged exclusively in the insurance department and the court of common pleas is without jurisdiction in the matter.

If the City of New Castle believes the rates filed to be unjust or exorbitant they have the right under the act, 40 PS §1185, which provides for review and hearing upon the application of any person aggrieved. Under section 17, 40 PS §1197, the City of New Castle as an aggrieved person could file a complaint before the commissioner.

There is no question about the validity of the bond furnished by plaintiffs to the city treasurer of New Castle. It was drawn in conformity with the act of assembly and was submitted by the city treasurer to the city council for approval and such approval was given by defendant city for the bond. The National Union Fire Insurance Company for which plaintiffs were agents filed its rates with the insurance commissioner, and the rates having been approved by the commissioner, became effective. The liability for the payment of the premium charged for the bond in amount of $2,882.44 conformed with the rates filed with the commission and the City of New Castle becomes liable for the payment of that premium to plaintiffs in full.

We are unable to follow the legal logic advanced by the City of New Castle in approving the bond and then offering a premium payment therefor in the amount of $606.20 less than the premium prescribed by law. Such logic would seem at least to strain the dictates of

conscience in light of the provisions of The Insurance Department Act of May 17, 1921, P. L. 789, art. VI, secs. 635, 636 and 639. Those sections prohibit plaintiff from granting a rebate on the premium prescribed by law and prohibits defendant, City of New Castle, from accepting any such rebate, and further imposes a penalty of revocation upon plaintiff's license for the granting of a rebate and in addition thereto imposes a fine upon plaintiff for such conduct.

We are convinced after an examination of the entire record before us that the City of New Castle's answer filed to the complaint is by its own direct admission, as well as ineffective and insufficient denials, sufficient to warrant the court in entering judgment for plaintiffs and against the City of New Castle for the debt, interest and costs. As to the additional defendant, the School District of the City of New Castle, Pa. R. C. P. 2255(c), is controlling. That section reads in part: "No judgment on the pleadings may be entered in favor of any party against an additional defendant for failure to answer the complaint of the party joining him. . . ." Therefore it is obvious that no judgment will be entered against the additional defendant, the School District of the City of New Castle,

Accordingly, we are entering the following

### Order

Now, June 6, 1958, the demurrer filed by plaintiffs to the answer of the City of New Castle, defendant, is sustained and judgment is directed to be entered in favor of plaintiffs and against defendant, City of New Castle, for the full amount of the debt, interest and costs, without prejudice to the additional defendant, the City of New Castle School District.