Commonwealth of Pennsylvania, Insurance Department v. Augusto S. Adrid et al., Appellants.

Argued February 3, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William J. Taylor*, with him *Joseph A. Torregrossa, James Charles Dobbs*, and, of counsel *Morgan, Lewis & Bockius*, for appellants.

*Andrew F. Giffin*, Assistant Attorney General, with him *Linda S. Lichtman*, Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, April 7, 1976:

Augusto S. Adrid, the named appellant, is one of one hundred physicians, all of whom carry medical malpractice insurance with Argonaut Insurance Company (Argo-

naut). On July 23, 1975, appellants filed a complaint seeking a hearing to contest the action of the Commissioner of Insurance (Commissioner) in approving a rate filing which granted, effective immediately, on April 22, 1975, a 206.9-percent rate increase to Argonaut. The complaint was filed under Section 17 (a) of The Casualty and Surety Rate Regulatory Act[1] (Act). By an undated order issued on or about August 1, 1975, the Commissioner dismissed the complaint brought under Section 17 (a) but granted appellants leave to file an amended application for a hearing under Section 5 (b) of the Act, 40 P.S. §1185 (b). It is this action which appellants contest before our Court.[2]

The sole question presented for our review is whether the Commissioner correctly found Section 5 (b) to be the exclusive method for securing an administrative hearing to challenge a rate filing which is *in effect at the time of the challenge*. Appellants contend that both Section 17 (a) and Section 5 (b) are available to persons seeking to challenge a rate filing in effect. The question as framed by the parties is one of first impression.

Section 17 (a), on which appellants rely, reads as follows:

"(a)    Any insurer, rating organization or person aggrieved by any action of the Commissioner, except disapproval of a filing or a part thereof as provided for in section five hereof, or by any rule or regulation

---

1.    Act of June 11, 1947, P. L. 538, *as amended*, 40 P.S. §1197 (a).

2.    Subsequently, appellants filed a written request for a hearing under Section 5 (b) of the Act without abandoning their claim to a hearing under Section 17 (a). On August 20, 1975, the Commissioner granted a hearing under Section 5 (b) but again dismissed appellants' claim under Section 17 (a). A hearing date was set for September 12, 1975 but was postponed by consent of the parties until October 3, 1975. To the date of argument before our Court this hearing has not yet been held. Apparently, the Commissioner is awaiting the resolution of this action.

adopted and promulgated by the Commissioner, shall have the right to file a complaint with the Commissioner and to have a hearing thereon before the Commissioner. Pending such hearing and the decision thereon the Commissioner may suspend or postpone the effective date of his previous action, rule or regulation."

As "persons aggrieved" by the action of the Commissioner in approving Argonaut's rate filing, appellants contend that they come under this section of the statute. They further contend that Section 17(a) is the only section which allows the Commissioner to grant the requested relief of suspending or postponing the effective date of a filing.

The Insurance Commissioner, on the other hand, finds Section 5(b) to be the proper vehicle in this circumstance. Section 5(b) states:

"(b)  Any person or organization aggrieved with respect *to any filing which is in effect* may make written application to the Commissioner for a hearing thereon: Provided, however, That the insurer or rating organization that made the filing shall not be authorized to proceed under this subsection. Such application shall specify the grounds to be relied upon by the applicant. If the Commissioner shall find that the application is made in good faith, that the applicant would be so aggrieved if his grounds are established, and that such grounds otherwise justify holding such a hearing, he shall, within thirty (30) days after receipt of such application, hold a hearing upon not less than ten (10) days written notice to the applicant and to every insurer and rating organization which made such filing.

"If, after such hearing, the Commissioner finds that the filing or a part thereof does not meet the requirements of this Act, he shall issue an order specifying in what respects he finds that such filing

or a part thereof fails to meet the requirements of this Act, and stating when, within the reasonable period thereafter, such filing or a part thereof shall be deemed no longer effective. Copies of said order shall be sent to the applicant and to every such insurer and rating organization. Said order shall not affect any contract or policy made or issued prior to the expiration of the period set forth in said order." (Emphasis added.)

The Commissioner reasoned that, since the rating was in effect at the time of appellants' request for a hearing, only Section 5(b) could apply. Further, he reasoned that to allow Section 17(a) to be used when a rating is in effect would unsettle the rate-making process, since suspension of a rate in effect would leave no approved rate in effect. We agree with the Commissioner's reasoning and his order.

Following usual procedures, hearings on a proposed rate filing are held, as they were in this case, at which parties opposing the proposed rate may be heard. Appellants were not parties to the original hearings and thus could not follow the usual route of appeal to this Court from the original adjudication which became effective immediately. We interpret Section 17(a) to provide an additional administrative remedy for those *persons* (not merely parties to the original proceeding) who wish a hearing to contest the Commissioner's approval of a rate filing *prior to its effective date*. In the instant case, the filing became effective immediately. Therefore, appellants argue that they would have no remedy under Section 17(a) if we adopt the Commissioner's interpretation of the law. This is correct but unpersuasive.[3] Standing alone, Section 17(a) can admit-

_____

3. We are aware that this interpretation may vitiate the right of some persons to a hearing under Section 17(a) in those cases where rate filings are made effective immediately. Should this practice of approving rates effective immediately become the rule

tedly be read to allow any action of the Commissioner to be challenged by any person aggrieved at any time. We must, however, construe a section of a statute with reference to the entire statute and not apart from its context. *Keitt v. Ross,* 17 Pa. Commonwealth Ct. 183, 331 A.2d 582 (1975). To construe Section 17(a) to allow constant challenges as matters of right would create an absurd and unreasonable result. According to Section 1922 of the Statutory Construction Act of 1972,[4] we must eschew an interpretation leading to such a result.

Section 5(b), on the other hand, gives the Commissioner limited discretion to allow hearings concerning filings in effect and authorizes relief which would not be disruptive of the rate-approval system.

*Genkinger v. City of New Castle,* 14 Pa. D. & C. 2d 719, *aff'd per curiam,* 188 Pa. Superior Ct. 229, 146 A.2d 640 (1958), on which appellants rely, is inapposite. The court in *Genkinger* was not faced directly with conflicting interpretations of Sections 17(a) and 5(b). We also find unpersuasive *Pennsylvania Insurance Department v. Johnson,* 211 Pa. Superior Ct. 138, 238 A.2d 23 (1967), *aff'd,* 432 Pa. 543, 248 A.2d 308 (1968), *cert. denied,* 394 U.S. 1003 (1969), in which the Commissioner allegedly allowed an appeal under Section 17(a) from a rating in effect. The opinion of the Superior Court does not, in our view, clearly state whether the challenged rates were in effect or merely approved at the time the challenge was filed. Assuming the rates in Johnson were in effect and recognizing the importance of consistency on the part of administrative agencies, we nevertheless do not believe the Commissioner should be bound by what may have been an earlier oversight on his part or on the part of

---

rather than the exception, we trust the legislature will respond and remedy the resulting situation.

4. Act of November 25, 1970, P. L. 707, *as amended* 1 Pa. C.S. §1922.

276

his predecessors. We find that the Commissioner was correct in construing Section 5(b) to be the exclusive avenue for review of a rate filing in effect.

Accordingly, we enter our

ORDER

Now, this 7th day of April, 1976, the order of the Commissioner of Insurance dismissing the complaint in the above case is affirmed. The Commissioner is directed to hold promptly the hearing which he had previously granted under Section 5(b) of The Casualty and Surety Rate Regulatory Act.