Louis Festa, Appellant *v.* Derry Township, Appellee.

Argued December 3, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

298

*Denis P. Zuzik,* for appellant.

*William C. Stillwagon,* with him *Thomas A. Himler, Jr.,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 11, 1980:

The Westmoreland County Common Pleas Court sustained Derry Township's preliminary objections to Louis Festa's complaint in assumpsit and dismissed it for lack of jurisdiction and improper process. We affirm.

Festa, an elected township supervisor and apointed district Roadmaster during 1972-1977, sued the township for wages and benefits which he alleges are due him for services performed during those years as Roadmaster. The court below sustained the township's preliminary objections and held that Festa's sole procedural remedy was to appeal the township auditors' report[1] within 45 days of its annual filing under Section 553 of The Second Class Township Code (Act).[2]

The issue before us is: Must a township roadmaster submit his claim for salaries to the township auditors and, if the decision is not timely appealed under the Act, is it conclusive?

---

[1] The township auditors duly set the wages and benefits due Roadmasters for the years 1972 through 1977 in accordance with Section 515 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §65515.

[2] 53 P.S. §65553.

Derry, a second class township, is bound by the provisions of The Second Class Township Code. We find on examination that the Act contains a comprehensive scheme for annually auditing and settling the accounts of the township and its officers, including roadmasters, Section 545 of the Act, 53 P.S. §65545. The Act further provides that township auditors shall complete their audit, settlement and adjustment prior to March 1 of each year and shall file a report of the audit no later than 90 days after the close of the fiscal year, that the report shall be duly verified by the oath of the secretary of the auditors, and that the auditors shall publish by advertisement in a newspaper of general circulation on or before March 10 of each year a concise financial statement setting forth the balance in the treasury at the beginning of each fiscal year, Section 547, 53 P.S. §65547. Section 553 of the Act, 53 P.S. §65553, of significance here provides:

> The township . . . or any officer whose account is settled or audited by the township auditors, may appeal from any settlement or audit of the township auditors to the court of common pleas within forty-five days after the settlement has been filed in the court of quarter sessions.

Festa presents three arguments to us: (1) this language does not provide the exclusive remedy in such a contest; (2) even should it provide the exclusive remedy, it only applies to accounts which have been audited and there is no way to show that his accounts were in fact settled or audited; and (3) he has met the requirements of Section 553 for the year 1977 and should be permitted to proceed in his complaint for 1977 salary and benefits.

Our courts have long held that township auditors' reports must be challenged exclusively as provided by statute. *Turtle Creek Borough Audit*, 401 Pa. 201, 163 A.2d 876 (1960); *Skelton v. Lower Merion Township,*

318 Pa. 356, 178 A. 387 (1935); *Neville Township Auditors Report*, 166 Pa. Superior Ct. 122, 70 A.2d 379 (1950). Absent fraud, the decision of the auditors "is conclusive, and cannot again be inquired into either by the same tribunal at another time or by a court of law except in the manner provided by statute." *Skelton, supra,* at 360, 178 A. at 389. A direct appeal to the common pleas court is the exclusive remedy and a complaint in assumpsit is not only a trip down the wrong path but clearly ignores the legislative purpose which is to provide a speedy and effective method to adjust a municipality's fiscal matters and to give qualified interested persons an opportunity to question and attack auditors' reports prior to finality. *See Skelton, supra.*

Festa's second argument is also without merit. Festa had the duty to confirm the accuracy of accounts. Absent proof by Festa that the township auditors failed to comport with the statutory directive[3] and proof that his accounts were not in fact audited, we must assume that his accounts were duly audited and adjusted. His omission may not now be laid at the feet of responsible public officials.

Finally, Festa asserts that his complaint in assumpsit for his 1977 salary claim should have been considered by the court by applying the provisions of Section 708(c) of the Judicial Code, *as amended,* 42 Pa. C.S. §708(c).[4] His complaint in assumpsit was

---

[3] Section 545, 53 P.S. §65545.

[4] Section 708(c) provides:

    If a complaint in the nature of equity, mandamus, prohibition, quo warranto or other original process is commenced in any court against a government unit or one or more of the persons for the time being conducting its affairs, as such, objecting to a governmental determination by any of them, where the proper mode of relief is an appeal from the determination of the government unit, this alone

filed on December 30, 1977 and dismissed on May 30, 1978. Section 708(c) became effective one month later; viz June 27, 1978. Moreover, when the complaint was filed *prior* to the filing of the 1977 auditors' report, how can one now consider it as an appeal?

Having failed to appeal to the common pleas court as he should have under the provisions of the statute, Festa now must suffer the consequences.

Accordingly, we

ORDER

AND Now, this 11th day of February, 1980, the order of the Court of Common Pleas of Westmoreland County dated May 30, 1978, is hereby affirmed.

Judge DiSALLE did not participate in the decision in this case.

---

shall not be a ground for dismissal, but the papers whereon the process against the government unit or any such persons was commenced shall be regarded and acted on as an appeal from such determination of the government unit and as if filed at the time such process was commenced.