IN RE 1995 AUDIT OF MIDDLE
SMITHFIELD TOWNSHIP.

Appeal of MIDDLE SMITHFIELD
TOWNSHIP BOARD OF
AUDITORS, Appellant.

Commonwealth Court of Pennsylvania.

Argued Sept. 8, 1997.
Decided Oct. 21, 1997.

Gregory H. Chelak, Milford, for appellant.

Richard E. Deetz, Stroudsburg, for appellee.

Before KELLEY and LEADBETTER, JJ., and RODGERS, Senior Judge.

KELLEY, Judge.

The Middle Smithfield Board of Auditors (Auditors) appeal from two separate orders of the Court of Common Pleas of Monroe County (common pleas court) dated December 12, 1996. The orders granted the Middle Smithfield Township Board of Supervisors' (Supervisors) petition to strike the appeal of the 1995 audit of Middle Smithfield Township and denied the auditor's motion for recusal. We affirm.

Pursuant to its order dated November 30, 1995, the common pleas court appointed the certified public accounting firm of Weseloh & Co. to perform an audit of the accounts of Middle Smithfield Township (township) for the year 1995. The accounting firm filed the 1995 audit report with the prothonotary's office of Monroe County on March 11, 1996. Subsequently, the Auditors filed an appeal from the 1995 audit report to the common pleas court on April 25, 1996. The appeal alleged that two township supervisors should have been surcharged jointly and severally for certain acts, omissions or errors which lead to financial loss for the township. The Supervisors then filed a petition for rule to

show cause why appeal from the 1995 Audit should not be stricken for lack of standing. The Auditors responded to the petition and filed a motion for recusal and consolidation alleging that the judge's relationship with certain people created the appearance of partiality and a conflict of interest. The common pleas court ultimately determined that the Auditors lacked standing in the assertion of their appeal and denied their request that the judge recuse himself. An appeal to this court followed.

The issues before this court are: (1) whether the Auditors' appeal from the independent audit of the townships' accounts for 1995 should have been stricken for lack of standing; and (2) whether the common pleas court judge utilized proper discretion when he denied the Auditors' motion to recuse himself from matters related to the appeal.

■ The Auditors filed their appeal with the common pleas court pursuant to section 553 of the Second Class Township Code (Code),[1] entitled "Appeals from report", which provides as follows:

> The township, or any registered elector or taxpayer thereof on its behalf, or any officer whose account is settled or audited by the township auditors, may appeal from any settlement or audit of the township auditors to the court of common pleas within forty-five days after the settlement has been filed in the court of quarter sessions.

Though this section refers only to audits performed by township auditors, section 745 of the Code[2] entitled "Appointment of accountant", provides that when an independent accountant or accounting firm is hired to perform an audit of township accounts, the audit report is subject to appeal in the same manner as reports prepared by a board of auditors under section 553 of the Code.

Since the appeal of the audit is specified by statute, the only plaintiffs eligible to bring a cause of action are those person or persons so designated in the statute. *See Maxson v. McElhinney*, 370 Pa. 622, 624, 88 A.2d 747, 749 (1952). Moreover, the Pennsylvania courts have long held that any challenges to township audit reports must be *exclusively* made in accordance with the statute. *Festa v. Derry Township*, 49 Pa.Cmwlth. 297, 411 A.2d 904, (1980) (emphasis added). Applying this reasoning to the statutes currently in question, we conclude that only the township, registered electors or taxpayers or officers whose accounts are audited, have standing to file an appeal challenging the audit report.

The Auditors assert that, even though the above-stated statute does not specifically grant them a right to appeal, they can appeal the audit report because they are acting as a representative body of the "township." In attempting to justify their right to appeal in this matter, the Auditors set forth a public policy argument essentially contending that as elected officials it is their duty to monitor the financial affairs of the township.

We agree that the Auditors owe a duty to monitor the financial affairs of the township and would go so far as to say they owe a duty to warn the township's taxpayers of any misappropriation of their funds. The pending issue, however, relates to the Auditors' inability to appeal from an audit report due to a lack of standing. We again note that the legislature has particularly defined those parties with a right to appeal an audit report to be the *township, any registered elector or taxpayer or any officer whose account is audited.* The Auditors, acting as a represen-

---

1. Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 65553. Section 553 was deleted from the Code by Act of November 9, 1995, P.L. 350, effective May 6, 1996. Since the Auditors filed their appeal on April 25, 1996, prior to the effective date of the amendments to this section of the Code, the above-stated version of section 553 is applicable to this case. "Appeals from report" is now found at section 909 of the Code, 53 P.S. § 65909. Section 909 clarifies those parties that can appeal an audit of the board of auditors to be the board of supervisors, any elector or taxpayer of the township or any officer whose account is settled or audited by the board of auditors.

2. Section 745 was deleted from the Code by Act of November 9, 1995, P.L. 350, effective May 6, 1996. Since the common pleas court appointed the accounting firm on November 30, 1995, section 745 applies to the pending case. The statutory provision governing appointment of an accountant is now found in section 917 of the Code, 53 P.S. § 65917.

tative body, are not specifically included in the statute and this court is unwilling to grant a right to appeal in the face of a clear legislative directive.[3]

Continuing with their public policy argument, the Auditors contend that section 1922(5) of the Statutory Construction Act of 1972(Act),[4] 1 Pa.C.S. § 1922(5), forces this court to find standing for their appeal because the General Assembly intends to favor the public interest over private interests when enacting statutes. We are not persuaded.

First, the respective parties in this action are public entities. Second, and contrary to the Auditors assessment, the intention of the legislature does *not* have to be ascertained since the language of the statute is unambiguous. We would note section 1903(a) of the Act, 1 Pa.C.S. § 1903(a), which provides, in pertinent part, that "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage...." Following this provision of statutory construction, this court again concludes that section 553 of the Code does not grant the Auditors a right to an appeal.

Additionally, interpreting section 553 of the Code in accordance with the Auditors' reasoning would lead to an absurd result which the legislature is presumed not to intend. *See* section 1922(1) of the Act, 1 Pa. C.S. § 1922(1); *Macher v. County of Allegheny*, 675 A.2d 378 (Pa.Cmwlth.) *petition for allowance of appeal denied*, 546 Pa. 697, 687 A.2d 380 (1996). Including township auditors as a party with a right to appeal in section 553 of the Code would allow the township auditors to appeal their own report. At this point, the court finds logic to trump asserted public policy.

■ Next, the Auditors allege that the common pleas court Judge Ronald E. Vican

should have recused himself from matters related to the appeal because: (1) Judge Vican is, or was, an acquaintance of Marge Law, a dissenting member of the Board of Auditors, and her husband, Mal Law; (2) Judge Vican had previously appointed Marge and Mal Law to serve on the Board of Viewers for property in Monroe County; and (3) Judge Vican is the brother of local attorney, H. Alan Vican, Esq., who had been sued by the wife of a majority member of the Board of Auditors. We find that President Judge Vican properly denied the motion for recusal.

■ It is generally presumed that a common pleas court judge is capable of recognizing in himself/herself the symptoms of bias and prejudice. *Borough of Kennett Square v. Lal*, 165 Pa.Cmwlth. 573, 645 A.2d 474 (1994) *petition for allowance of appeal denied*, 540 Pa. 613, 656 A.2d 119 (1994). If the judge believes that he or she can hear and dispose of the case without partiality, then that decision will not be overturned absent an abuse of discretion. *Id.; see also Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority*, 507 Pa. 204, 489 A.2d 1291 (1985). More specific to the instant matter, the Supreme Court of Pennsylvania has also stated that requiring judges to recuse themselves due to acquaintance relationships would create "an unworkable rule." *Commonwealth v. Perry*, 468 Pa. 515, 364 A.2d 312 (1976).

Our review of the record reveals no evidence supporting the contention that Judge Vican abused his discretion by not recusing himself. Additionally, the record is absent of any acquaintance or consanguineal relationships which the law recognizes as creating the appearance of impropriety or a conflict of interest. Canon 3(C)(1)(d) of the Code of Judicial Conduct requires a judge to recuse himself where a person within the third degree of relationship to him:

3. The Auditors only assert that they have standing to appeal the audit report as a representative body. The members of the board have not alleged their ability to appeal the audit report in their individual capacities as registered electors and taxpayers.

4. Section 1922 of the Statutory Construction Act provides, *inter alia:*

> In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:
>
> \*  \*  \*
>
> (5) That the General Assembly intends to favor the public interest as against any private interest.

(i) is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) is acting as a lawyer in the proceeding;

(iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) is to the judge's knowledge likely to be a material witness in the proceeding.

Only the judge's brother, H. Alan Vican, Esq., is within the third degree of relationship to Judge Vican. The fact that the judge's brother had been sued by the wife of a member of the Board of Auditors, however, is completely unrelated to the appeal of the audit. Accordingly, we conclude that this situation does not create the appearance of impropriety or a conflict of interest.

The orders of the common pleas court are affirmed.

### ORDER

AND NOW, this 21st day of October, 1997, the orders of the Court of Common Pleas of Monroe County, dated December 12, 1996, at No. 2464—1966 Civil, are affirmed.