## In Re APPEAL OF 2012 FINANCIAL AUDIT FOR GREENE TOWNSHIP.

### Appeal of: Ellen Gnandt.

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 2014.
Decided April 1, 2015.

Marshall E. Anders, Stroudsburg, for appellant.

Michael G. Crotty, Chester Springs, for appellees.

BEFORE: RENÉE COHN JUBELIRER, Judge, and PATRICIA A. McCULLOUGH, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Judge PATRICIA A. McCULLOUGH.

Ellen Gnandt (Appellant), former treasurer of Greene Township (Township), appeals from the March 19, 2014 order of the Court of Common Pleas of Pike County (trial court), which held that Appellant lacks standing to appeal the Township's annual audit/financial report for the 2012 fiscal year.

Appellant served as the Township's treasurer during the 2012 fiscal year; she left this position on January 14, 2013. The records maintained by Appellant as treasurer during 2012 were audited, and the Annual Audit and Financial Report of Greene Township for the 2012 fiscal year was filed on August 29, 2013.

On October 8, 2013, Appellant filed a statutory appeal from the audit pursuant to section 909 of the Second Class Township Code (Code).[1] (Reproduced Record (R.R.) at 3a–8a.) In her appeal, Appellant asserted that: (1) the Township did not provide all records to the auditors; (2) certain amounts were incorrectly reported by the auditors; and (3) certain items were paid in error, causing a loss to the Township, and should be surcharged to the responsible Township supervisors.[2]

The Township and auditor William Owens & Co. (together, the Township) filed a motion to quash Appellant's appeal, asserting that Appellant lacked standing to appeal the sums reported and paid. (R.R. at 10a–13a.) The Township alternatively asserted that even if Appellant had standing to challenge those figures, she did not have standing to demand a surcharge against individual supervisors.

Appellant filed a memorandum of law in opposition to the motion to quash; the Township filed an answer; and, on January 27, 2014, the trial court heard oral argument on whether Appellant had standing under section 909 of the Code.

1. Act of May 1, 1933, P.L. 103, as amended, 53 P.S. § 65909.

2. Appellant sought an order directing that: the audit report be corrected and refiled and that certain supervisors be surcharged $540.00 for payment of an invalid snow plow contract, $750.00 for compensation received without auditor approval or payroll taxes, and the approximate amount of $135.00 for payment for services not related to the specified positions.

Section 909 of the Code states as follows:

> The board of supervisors or any elector or taxpayer of the township or *any officer whose account is settled or audited by the board of auditors may appeal* from any settlement or audit of the board of auditors to the court of common pleas within forty-five days after the settlement has been filed in the court of common pleas.

53 P.S. § 65909 (emphasis added). Appellant is not a supervisor, resident, or taxpayer in the Township.[3]

In support of its motion to quash, the Township argued that only *current* supervisors, electors, taxpayers, or officers have standing under section 909 of the Code to file an appeal from the audit. In response, Appellant noted that the word "any" means "one or some indiscriminately of whatever kind," and she asserted that the use of the word "any" in the phrase *"any officer"* is broad enough to encompass a former officer. The trial court observed that Appellant did not address the definition of "officer," and it cited the following definitions of "officer" from *Merriam–Webster Dictionary Online:* "a person who has an important position in a company, organization or government" or a person "who holds an office of trust, authority, or command." [4] The trial court noted that these definitions are consistent in their use of the present tense and concluded that "any officer" would therefore mean whatever person presently holds an office. The trial court also rejected Appellant's reliance on language in *Festa v. Derry Township,* 49 Pa.Cmwlth. 297, 411 A.2d 904

(1980), noting that *Festa* was significantly distinguishable.

Finding no case law on point, the trial court interpreted the language of section 909 of the Code and concluded that, as a former officer, Appellant lacks standing to appeal the audit. Accordingly, the trial court granted the Township's motion to quash, and Appellant now appeals to this Court.[5]

## Issues

On appeal, Appellant argues that: (1) the trial court erred and abused its discretion in quashing her appeal in light of this Court's decision in *Festa;* and (2) the plain language of section 909 of the Code provides a former officer standing to appeal an audit.

## Discussion

We first address Appellant's argument that the trial court should have relied on *Festa* to deny the motion to quash her appeal. The appellant in *Festa* was a township supervisor and appointed district roadmaster during the years 1972–77. In December 1977 he filed a complaint against the township for wages and benefits he claimed were due him during the years he was roadmaster. Wages for the position of roadmaster for the years 1972 through 1977 were set by the township auditors. The trial court sustained the township's preliminary objections and held that "Festa's sole procedural remedy was to appeal the township auditors' report within 45 days of its annual filing under [former section 553 of the Code]." *Festa,* 411 A.2d at 904.

---

**3.** Trial court op. at 4–5.

**4.** http://www.merriam-webster.com/dictionary/officer.

**5.** The question presented for review involves the proper construction of a statute, which is a question of law; therefore, our review is plenary. *Freundt v. Department of Transportation,* 584 Pa. 283, 883 A.2d 503 (2005).

This Court framed the issue on appeal as "[whether] a township roadmaster [must] submit his claim for salaries to the township auditors and, if the decision is not timely appealed under the [Code], is it conclusive?" *Id.* at 905. We affirmed the trial court's conclusion that Festa could not bring a complaint in assumpsit, explaining that the Code "contains a comprehensive scheme for annually auditing and settling the accounts of the township and its officers, including roadmasters," *id.,* and that Festa's exclusive remedy was to appeal the township auditors' reports.

In addition to holding that the complaint in assumpsit was procedurally improper, the Court rejected Festa's assertion that his complaint should be considered under section 708(c) of the Judicial Code, 42 Pa. C.S. § 708(c). The Court noted that section 708(c) was not in effect when Festa filed his complaint. Moreover, the Court noted that his complaint could not be considered an appeal since the complaint was filed *prior* to the filing of the 1977 auditors' report. Concluding its analysis, the Court stated that, "Having failed to appeal to the common pleas court as he should have under the provisions of the statute, Festa now must suffer the consequences." *Festa,* 411 A.2d at 906.

Appellant notes that, "notwithstanding the fact that [Festa] was no longer an officer of the Township," this Court upheld the trial court's determination that Festa's sole remedy was to appeal the auditors' report. However, the opinion in *Festa* does not indicate that Festa filed his complaint after he ceased to be a supervisor and/or roadmaster. In fact, the decision reflects that Festa filed his complaint in December 1977, the same year that he served as a supervisor/roadmaster and *prior* to the filing of the 1977 auditors' report. Although Appellant relies on *Festa* to support her contention that she has standing

to appeal the audit, Appellant acknowledges that, in *Festa,* the question of the appellant's standing as a former township officer was not before the court. Because it is factually and legally distinguishable, we agree with the trial court that *Festa* is not relevant to the matter before us.

Appellant also argues that the plain language of section 909 of the Code provides a former officer standing to appeal an audit. In particular, Appellant notes that section 909 confers standing to appeal on *"any officer whose account is settled or audited by the board of auditors."* 53 P.S. § 65909.

Because an appeal of the audit is specified by statute, the only persons eligible to appeal are those persons so designated in the statute. *In Re: 1995 Audit of Middle Smithfield Township,* 701 A.2d 793, 794 (Pa.Cmwlth.1997); *Festa,* 411 A.2d at 905. Appellant acknowledges that section 909 of the Code provides the exclusive remedy for challenging the audit.

However, Appellant insists that the language of section 909 encompasses a former officer of the Township whose account is audited. We note that the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a). "This is accomplished by affording common and approved usage to the words and phrases in the statute, 1 Pa.C.S. § 1903, and looking beyond the language employed only when the words of the statute are not explicit. 1 Pa.C.S. § 1921(c)." *Freundt,* 883 A.2d at 506. When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b).

"We must give effect to the meaning of each distinct word as chosen." *Freundt,* 883 A.2d at 506. In addition, it is a "well-

established cannon [sic] of construction that courts should generally apply qualifying words or phrases to the words immediately preceding them." *Commonwealth v. Packer*, 568 Pa. 481, 798 A.2d 192, 198 (2002); 1 Pa.C.S. § 1903. Where, as here, a statute does not define a term, the term's ordinary usage applies. *Education Management Services, Inc. v. Department of Education*, 931 A.2d 820 (Pa.Cmwlth. 2007). Dictionaries provide substantial evidence of a term's ordinary usage. *SPC Co., Inc. v. Zoning Board of Adjustment of the City of Philadelphia*, 773 A.2d 209, 213 (Pa.Cmwlth.2001). Pennsylvania courts "have generally used dictionaries as source material for determining the common and approved usage of a term." *Fogle v. Malvern Courts, Inc.*, 554 Pa. 633, 722 A.2d 680, 682 (1999).

Appellant contends that, while the trial court considered the definition of "officer," the trial court failed to consider the qualifying language, "*any* officer *whose account is ... audited.*" 53 P.S. § 65909 (emphasis added). Appellant maintains that since *she* was the officer whose account was audited she has a right to appeal the audit, and she argues that this right cannot be lost simply because she no longer was an officer when the audit was finalized. Appellant insists that this is the only interpretation of the statute that makes sense. We agree.

Black's Law Dictionary 1193 (9th ed. 2009), defines "officer" as "a person who holds an office of trust, authority, or command. In public affairs, the term refers esp. to a person holding public office under a national, state, or local government, and authorized by that government to exercise some specific function." Consistent with the dictionary definition cited by the trial court, this definition is expressed in the present tense. Thus, if we limit our consideration of section 909 to the single term

"officer," and use only the dictionary to determine the meaning of that term, we might agree that the statutory language providing a right to officers affords the right to appeal an audit only to persons who are holding office at the time the audit is completed.

■ However, "[t]his Court must construe a section of a statute with reference to the entire statute and not apart from its context." *Yorktowne Tennis Club, Inc. v. York Township*, 120 Pa.Cmwlth. 13, 548 A.2d 357, 359 (1988); *Insurance Department v. Adrid*, 24 Pa.Cmwlth. 270, 355 A.2d 597, 599 (1976). *See also* section 1921(a) of the Statutory Construction Act of 1972(Act), 1 Pa.C.S. § 1921(a). Additionally, we must eschew an interpretation of the statute leading to a result that is absurd or unreasonable. Section 1922 of the Act, 1 Pa.C.S. § 1922(1).

Article VII of the Code governs the office of township treasurer. A township treasurer is appointed by the township's board of supervisors "to serve at the pleasure of the [board]." Section 701 of the Code, 53 P.S. § 65701. If the township treasurer is an individual, he or she is required to file with the township's board of auditors a surety bond in an amount equal to the highest amount of township funds the board estimates will be available to the treasurer at any time during the current year. Section 702 of the Code, 53 P.S. § 65702. The treasurer's duties are set forth by statute as follows:

The township treasurer shall:

(1) Receive all moneys due the township and deposit them promptly in a designated depository in the name of the township.

(2) **Keep distinct and accurate accounts of all sums** received from taxes and other sources, which accounts shall be open to the inspection of the board of

supervisors and any citizen of this Commonwealth.

(3) Pay out all moneys of the township only on direction by the board of supervisors.

(4) **Annually state the accounts** and make them available to the board of auditors for settlement.

(5) Preserve the account books, papers, documents and other records of the office and turn them over to the successor in office.

Section 704 of the Code, 53 P.S. § 65704 (emphasis added).

Sections 706 and 707 of the Code also provide that penalties may be imposed upon a township treasurer, for misuse of special funds and for failure to perform duties of the office:

When any moneys are collected for any special purpose, no township treasurer or board of supervisors may apply those moneys to any purpose other than that for which they were collected. Every misapplication shall be a misdemeanor of the third degree, and, in addition to the fine or penalty which may be imposed upon conviction, the defendant shall be required to pay restitution in the amount of moneys improperly spent.

\*     \*     \*

A township treasurer or assistant treasurer who fails to perform any duties of the office other than those for which specific penalties are provided commits a summary offense and, in addition to the fine or penalty which may be imposed upon conviction, is required to pay to the township an amount equal to the amount of the financial loss that occurred, if any, for not performing the duties of the office. That person is dis-

qualified from holding the office of township treasurer or assistant treasurer.

53 P.S. §§ 65706, 65707.

Thus, upon his or her appointment, a township treasurer is required to post a bond; receive all money payable to the township; keep accounts that are open to inspection; "annually state the accounts" and make them available to the auditors for inspection; and may be subject to penalties, financial and otherwise, for failing to perform his or her duties.

The dates by which the treasurer and the board of auditors must fulfill their duties are not aligned by the Code. The board of auditors is required to complete its audit before the first day of March each year and to file a report not later than ninety days after the close of the fiscal year. Section 904 of the Code, 53 P.S. § 65904. Because a treasurer serves at the pleasure of the board of supervisors, 53 P.S. § 53701, the terms of some, but not all, township treasurers will expire before the deadline by which the board of auditors must complete its audit and/or file a report. In light of the larger statutory scheme, we conclude that the interpretation urged by the Township, that those township treasurers lose standing to challenge an audit of the records created during their term of office, is patently unreasonable. We conclude that regardless of when a treasurer's term expires, the officer whose performance and records are reviewed by the auditors has a vested interest in the outcome of that audit and standing under section 909 of the Code.

Accordingly, we reverse and remand to the trial court for further proceedings regarding the merits of Appellant's statutory appeal.

### ORDER

AND NOW, this 1st day of April, 2015, the order of the Court of Common Pleas of

Pike County (trial court), dated March 19, 2014, is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.