# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Watts Township Board of Auditors,    :
                     Appellant    :
                               :
           v.                :    No. 1429 C.D. 2017
                               :    Submitted: April 13, 2018
Karl Raudensky, Watts Township    :
Supervisor                          :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge[1]
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE ELLEN CEISLER, Judge

OPINION BY JUDGE BROBSON      FILED: December 13, 2018

The Watts Township Board of Auditors (Board of Auditors) appeals *pro se* from the September 18, 2017 order issued by the Court of Common Pleas of the 41st Judicial District, Perry County Branch (trial court), which sustained the appeal of Watts Township Supervisor Karl Raudensky (Raudensky). In that appeal, Raudensky challenged the Board of Auditors' authority to impose a surcharge against him pursuant to The Second Class Township Code (Code).[2] For the reasons discussed below, we affirm.[3]

---

[1] This opinion was reassigned to the authoring judge on July 17, 2018.

[2] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101-68701.

[3] This matter is one of four related (but not consolidated) appeals brought before this Court by the Board of Auditors, relating to the trial court's dismissal of various surcharges that the Board of Auditors attempted to impose on three Watts Township Supervisors. The other matters are docketed as *Watts Township Board of Auditors v. Glenn Smithgall*, 1430 C.D. 2017, *Watts Township Board of Auditors v. Patricia Gutheil*, 1431 C.D. 2017, and *Watts Township Board of Auditors v. Patricia Gutheil*, 1432 C.D. 2017. In each of these appeals, the Board of Auditors raises the same issues. The Pennsylvania State Association of Township Supervisors filed amicus

On May 6, 2016, the Board of Auditors filed in the trial court a "Report of the Board of Auditors/Surcharge By Auditors" (Surcharge Report), seeking to impose upon Raudensky a surcharge in the amount of $338.65. The Board of Auditors averred in the Surcharge Report that, on January 5, 2016, the Township Supervisors approved a check payable to Raudensky for $338.65 for his attendance at meetings of the Township Supervisors in 2015 in violation of Section 606(a) of the Code,[4] 53 P.S. § 65606(a), which provides, in part, that "[s]upervisors may receive as compensation an amount established by ordinance." As no such ordinance existed at the time Raudensky attended the meetings, the Board of Auditors asserted that Raudensky could not receive compensation for his attendance.

The Board of Auditors further averred that the Township Supervisors knew that such payment constituted illegal compensation. As detailed in the Board of Auditors' Surcharge Report:

> [Raudensky] was also made aware of these payments being illegal throughout the year of 2015 at both public meetings and through written correspondence. On February 11, 2015, Brian Reifsnyder submitted a letter to the [Township Supervisors] requesting that an ordinance be drafted to legalize their pay. On March 4, 2015, [Raudensky], at the monthly [Township] Supervisors' Meeting, stated that an ordinance is required to be paid. At the end of the meeting, the Supervisors ([Raudensky], Pat Gutheil, Glenn Smithgall) unanimously agreed to pay themselves, along with the rest of the bills. On June 3rd, 2015, the Township Solicitor was attending the monthly [Township] Supervisors' Meeting. At that meeting, Brian Reifsnyder discussed the requirement of an ordinance for the Supervisors['] payments with the Solicitor. The Supervisors agreed to suspend their pay and

curiae briefs in all four matters, supporting the positions of the Watts Township Supervisors (Township Supervisors).

[4] Section 606 of the Code was added by the Act of November 9, 1995, P.L. 350.

have the Solicitor review the situation. On August 5, 2015, the Township Solicitor explained that the [Township] Supervisors could pass an ordinance to be paid and that after the passage of such an ordinance their pay can resume after the election cycle. On September 2, 2015, and after disregarding the advice of the Township Solicitor, the Township Supervisors ([Raudensky] and Glenn Smithgall) approved paying themselves along with the rest of the bills.

(Reproduced Record (R.R.) at 1a-2a.)

Thereafter, on June 1, 2016, Raudensky filed a Motion to Strike and Appeal, wherein he challenged the Board of Auditors' authority to impose the surcharge. Specifically, Raudensky asserted that because the Township Supervisors chose to appoint an accounting firm to perform the audit for the 2015 fiscal year, Section 917(c) of the Code,[5] 53 P.S. § 65917(c), divested the Board of Auditors of its authority to impose a surcharge. (Motion to Strike and Appeal ¶¶ 8-10.) Alternatively, Raudensky challenged the merits of the surcharge, alleging that the payment did not violate any provisions of the Code. Accordingly, Raudensky sought dismissal of the surcharge. (*Id.* ¶¶ 13-17.)

On June 7, 2016, the Board of Auditors filed an Opposition to Motion to Strike and Appeal. In so doing, the Board of Auditors asserted that, pursuant to Section 907 of the Code, 53 P.S. § 65907, it must impose a surcharge *any time* an elected or appointed officer causes a loss to the Township through a violation of the law. (Opposition to Motion to Strike and Appeal ¶¶ 1-3.) With respect to the appointment of an accounting firm, the Board of Auditors noted that the Township Supervisors appointed an accounting firm to audit the 2015 fiscal year, whereas the surcharge stemmed from a payment made in the 2016 year. Accordingly, the Board

---

[5] Section 917 of the Code was added by the Act of November 9, 1995, P.L. 350.

3

of Auditors argued that, because the Township Supervisors did not appoint an accounting firm for the 2016 fiscal year, the Board of Auditors retained the authority to impose the surcharge.[6] (*Id.* ¶¶ 4-5.) Further, the Board of Auditors asserted that it asked the accounting firm to investigate the payment, but the accounting firm declined. The Board of Auditors viewed this as a violation of the accounting firm's duty. Specifically, the Board of Auditors averred:

> On or about February 8th, 2016, the [Board of Auditors] delivered a letter to [the accounting firm] to inform [the accounting firm that] the [Township Supervisors] were paying themselves in violation of Section 606 of the [Code] and requested that a surcharge be issued. On or about March 4th, 2016, [a representative of the accounting firm] verbally informed [a Board of Auditors' member] that [the accounting firm] was not going to investigate the allegations of the [Board of Auditors].

(*Id.* ¶ 7.) In light of this, the Board of Auditors apparently believed that Section 907 of the Code compelled it to impose the surcharge on its own accord.

After briefing and oral argument, the trial court sustained Raudensky's motion and dismissed the surcharge. In so doing, the trial court concluded that a board of auditors may issue a surcharge "only in conjunction with an audit." (R.R. at 18a.) As the surcharge here did not stem from the findings within an audit, the trial court concluded that the Board of Auditors lacked authority to impose the surcharge. (*Id.*) The trial court further held that a board of auditors is divested of its surcharge authority when the township supervisors appoint an outside accountant

---

[6] We note that, at the time the Board of Auditors made this assertion, the Township's 2016 fiscal year had not yet been completed. *See* Section 3201 of the Code, added by the Act of November 9, 1995, P.L. 350, 53 P.S. § 68201 ("The fiscal year in townships commences on the first day of January in each year. All receipts, disbursements, contracts, and purchases shall be entered as of record in the fiscal year in which made.").

to perform the audit. (*Id.*) The Board of Auditors now appeals the trial court's decision.

On appeal,[7] the Board of Auditors argues that the trial court erred in concluding that the Board of Auditors lacked the authority to impose a surcharge against Raudensky when the Township Supervisors appointed an independent accountant to perform Watts Township's annual audit. The Board of Auditors further argues the merits of its surcharge, specifically that a surcharge is warranted because: (1) the Township Supervisors violated the Code when they compensated themselves for supervisory duties in the absence of an ordinance authorizing the compensation; (2) the Township Supervisors cannot be compensated retroactively for supervisory duties; and (3) the Township Supervisors must wait until the next term of office to be compensated at the rate prescribed by an ordinance passed during their current term of office.[8]

As to the Board of Auditors' authority, the Board of Auditors argues that Section 907(a) of the Code authorizes a board of auditors to surcharge a township officer *any time* the officer causes a loss to the township through violation of the law. Section 907(a) of the Code provides, in pertinent part, that "[t]he board of auditors shall surcharge any elected or appointed officer for the amount of any loss to the township caused in whole or in part by the officer's act or omission in violation of law or beyond the scope of the officer's authority." Conversely,

---

[7] Because the issue on appeal is purely a question of law, our standard of review is *de novo* and our scope of review is plenary. *In re Appeal of 2012 Fin. Audit of Greene Twp.*, 113 A.3d 372, 374 n.5 (Pa. Cmwlth. 2015).

[8] The Board of Auditors also argues that the trial court erred when it ruled in favor of Raudensky without hearing oral argument from the Board of Auditors, but the Board of Auditors waived that argument by failing to raise it in its statement of errors complained of on appeal filed pursuant to Pa. R.A.P. 1925(b). *See* Pa. R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement . . . are waived.").

5

Raudensky maintains his position that a board of auditors may only surcharge an officer when that surcharge flows from the findings of an audit performed either by a board of auditors or an appointed outside accountant. Further, Raudensky asserts that, pursuant to Section 917(c) of the Code, the township supervisors' appointment of an outside accountant to conduct the audit divests a board of auditors of its surcharge authority. Section 917(c) of the Code provides:

> When an accountant or firm is appointed under subsection (a) or (b) [of Section 917], the board of auditors shall not audit, settle or adjust the accounts audited by the appointee but shall perform the other duties of the office. The accountant or firm has the powers given to the board of auditors under this act, except the audit shall be made in accordance with generally accepted auditing standards, and further provide that the accountant or firm appointed under subsection (a) or (b) shall not have the power to determine compensations, and they are subject to the same penalties as the elected auditors under [the Code]. The report of the accountant or firm is subject to appeals the same as reports of the board of auditors under [the Code].[9]

Accordingly, this Court must determine whether a board of auditors is authorized to surcharge an officer only in connection with an audit, or whether it may surcharge an officer at any time. If we conclude the latter, we must then determine whether

---

[9] It appears that the final sentence of Section 917(c) of the Code provides for the right to appeal a report prepared by an appointed accountant in the same manner as appealing a report prepared by a board of auditors under Section 909 of the Code. Section 909 of the Code provides:

> The board of supervisors or any elector or taxpayer of the township or any officer whose account is settled or audited by the board of auditors may appeal from any settlement or audit of the board of auditors to the court of common pleas within forty-five days after the settlement has been filed in the court of common pleas.

Although the parties did not brief the issue, we note that Section 917(c) of the Code appears to provide a mechanism for challenging a report prepared by an appointed accountant, provided that the appeal is filed within 45 days of the audit's filing.

the township supervisors' appointment of an accountant to perform an audit divests a board of auditors of this surcharge authority.

We begin our analysis by reviewing general principles of statutory construction. When interpreting a statute, this Court is guided by the Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501-1991, which provides that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa. C.S. § 1921(a). "The clearest indication of legislative intent is generally the plain language of a statute." *Walker v. Eleby*, 842 A.2d 389, 400 (Pa. 2004). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C.S. § 1921(b). Only "[w]hen the words of the statute are not explicit" may this Court resort to statutory construction. 1 Pa. C.S. § 1921(c). "A statute is ambiguous or unclear if its language is subject to two or more reasonable interpretations." *Bethenergy Mines, Inc. v. Dep't of Envtl. Prot.*, 676 A.2d 711, 715 (Pa. Cmwlth.), *appeal denied*, 685 A.2d 547 (Pa. 1996). Moreover, "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa. C.S. § 1921(a). It is presumed "[t]hat the General Assembly intends the entire statute to be effective and certain." 1 Pa. C.S. § 1922(2). Thus, no provision of a statute shall be "reduced to mere surplusage." *Walker*, 842 A.2d at 400. Finally, it is presumed "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa. C.S. § 1922(1).

Here, the Code is silent as to when a board of auditors may impose a surcharge. To that point, Section 907 of the Code is subject to two reasonable interpretations as to when this may occur. Section 907 of the Code provides:

7

(a) *The board of auditors shall surcharge any elected or appointed officer for the amount of any loss to the township caused in whole or in part by the officer's act or omission in violation of law or beyond the scope of the officer's authority.* If the auditors find an absence of intent to violate the law or exceed the scope of authority and find the result of the officer's act could have been achieved by legal means and authorized procedures, the surcharge imposed shall be limited to the difference between the costs actually incurred by the township and the costs that would have been incurred had legal means and authorized procedures been employed. Provisions of this section which limit the amount of surcharge do not apply to cases involving fraud or collusion on the part of the officers or to any penalty ensuing to the benefit of or payable to the Commonwealth.

(b) *Any balance in any report of board of auditors against any officer of the township constitutes a surcharge against the officer as fully as if expressly stated in the report to be a surcharge.* The board of auditors shall direct the clerk of court of common pleas to certify the amount of every balance or surcharge from which no appeal has been taken under [S]ections 909 and 910 [of the Code, 53 P.S. §§ 65909 and 65910,] to the court of common pleas, and the prothonotary shall enter the balance or surcharge as a judgment against the officer in favor of the township.

(Emphasis added.) While Section 907(a) may be interpreted to mean that a board of auditors has authority to impose a surcharge *any time* an elected or appointed officer causes a loss to the township through a violation of the law, Section 907(b) seems to suggest that a surcharge only stems from a report of a board of auditors, *i.e.*, an audit report. When read alone, Section 907 provides little guidance in determining when a board of auditors may impose a surcharge. We are mindful, however, that statutory language must be read in its context, and "every portion of statutory language is to be read 'together and in conjunction' with the remaining statutory language, 'and construed with reference to the entire statute' as a whole." *Commonwealth v. Office*

8

*of Open Records*, 103 A.3d 1276, 1285 (Pa. 2014) (citing *Bd. of Revision of Taxes, City of Phila. v. City of Phila.*, 4 A.3d 610, 622 (Pa. 2010)). Therefore, we must review Section 907's context within the Code.

In determining when a board of auditors may impose a surcharge, we are guided by the governing provisions found in Article IX of the Code, 53 P.S. §§ 65901-65917, entitled "Auditors; Accountants." Preliminarily, Section 901 of the Code, 53 P.S. § 65901, provides general guidelines regarding a board of auditors' operating procedure and duties. Specifically, Section 901 mandates that a board of auditors (1) conduct an annual meeting; (2) audit, settle, and adjust the accounts of all elected or appointed officials of the township and its boards or agencies that received or disbursed funds of or owing to the township during the immediately preceding calendar year; (3) determine the compensations for supervisors employed by the township; (4) audit the dockets, transcripts and other official records of the district justices to determine the amount of fines and costs paid over or due the township; and (5) audit the accounts of officials who have passed away or resigned.

Section 902 of the Code, 53 P.S. § 65902, sets the compensation for a board of auditors. Sections 903 and 904 of the Code, 53 P.S. §§ 65903-65904, vest a board of auditors with authority to issue subpoenas in order to complete the audit, in addition to establishing a deadline by which a board of auditors must complete the audit. Section 905 of the Code, 53 P.S. § 65905, provides for penalties for auditors who fail to comply with Article IX of the Code. Section 906 of the Code, 53 P.S. § 65906, provides that a board of auditors may petition for the appointment of counsel if a disagreement occurs between a board of auditors and any official it is

9

required to audit.[10]  Section 907 of the Code, as previously mentioned, governs the imposition of a surcharge, and Section 908 of the Code, 53 P.S. § 65908, governs the collection of a judgment entered for a surcharge.  Sections 909 through 915 of the Code,[11] 53 P.S. §§ 65909-65915, govern the surcharge appeal process.  Section 916 of the Code,[12] 53 P.S. § 65916, forbids any member of a board of auditors from having a financial interest in township transactions.  Finally, Section 917 of the Code permits the township supervisors to appoint a certified or competent public accountant or a firm of certified or competent public accountants to perform the audit.  When the township supervisors appoint an accountant to perform the audit, Section 917(c) serves to limit a board of auditors' power to perform other duties.  Specifically, Section 917(c) of the Code provides, in part, that when an accountant is appointed, "the board of auditors *shall not audit, settle or adjust the accounts audited by the appointee but shall perform the other duties of the office*," and that "[t]he accountant or firm has the powers given to the board of auditors under [the Code], except the audit shall be made in accordance with generally accepted auditing standards."

Here, a review of the above provisions of the Code reveals a statutory scheme indicating that a surcharge flows from an audit.  Specifically, the seemingly purposeful order of the sections within the Code aids us in coming to this conclusion.  Section 901 of the Code details the general duties of a board of auditors, among

---

[10] While not directly applicable to the central issue, we note that we are troubled by the fact that the Board of Auditors is proceeding *pro se* in this matter.  Although the Board of Auditors petitioned for the appointment of counsel—which the trial court denied—the Board of Auditors is not, *ipso facto*, authorized to proceed *pro se*.

[11] Sections 913 through 915 of the Code were added by the Act of November 9, 1995, P.L. 350.

[12] Section 916 of the Code was added by the Act of November 9, 1995, P.L. 350.

10

which is the duty to audit. Section 903 of the Code vests power within a board of auditors to issue subpoenas in order to complete its audit, while Section 904 of the Code provides a deadline by which a board of auditors must complete the audit. Thereafter, Section 907 of the Code authorizes a board of auditors to impose surcharges, while the subsequent sections primarily govern the surcharge appeal process. We determine that the General Assembly intentionally structured the Code in this manner, as each section builds logically on the prior, following the general procedure of (1) a board of auditors performing an audit, (2) a board of auditors imposing surcharges stemming from the audit, and (3) the ability of a surcharged party to appeal.

We find no case law that contradicts our conclusion that a surcharge must flow from the findings of an audit. To the contrary, in over 100 years of case law wherein a board of auditors imposed a surcharge, the surcharge stemmed directly from findings in an audit or auditor's report.[13] *See, e.g., Audit of Hanover Twp. Sch. Dist.*, 108 A. 656, 657 (Pa. 1919); *Commonwealth, to Use of Clarion Cty. v. U.S. Fid. & Guar. Co.*, 69 A. 550, 551 (Pa. 1908); *In re Appeal of 2012 Fin. Audit for Greene Twp.*, 113 A.3d at 373 n.2; *In re 1995 Audit of Middle Smithfield Twp.*, 701 A.2d 793, 793-94 (Pa. Cmwlth. 1997), *appeal denied*, 727 A.2d 134 (Pa. 1998); *In re Report of Audit of S. Union Twp. for 1975*, 407 A.2d 906, 910 (Pa. Cmwlth. 1979) ("The action of imposing surcharges *in conjunction with the auditors' report . . .* is civil in nature[.]"); *Brady Twp. v. Ashley*, 331 A.2d 585, 586 (Pa. Cmwlth 1975). While none of these cases directly stand for the proposition that a surcharge must stem from the findings within an audit, we do not believe their

---

[13] We note that "audit" and "auditor's report" have been used interchangeably. *See In re Appeal from Settlement and Audit of Auditors of Buckingham Twp., Bucks Cty.*, 460 A.2d 904, 906 (Pa. Cmwlth. 1983).

11

identical postures are a matter of coincidence. Further, insofar as Section 907(a) of the Code can be interpreted to require a board of auditors to impose a surcharge at any time an officer violates the law and causes a loss to the township without first conducting an audit, we have found no case law—or any other persuasive authority—to support that alternative interpretation.

Here, it is clear that the Board of Auditors did not impose the surcharge in connection with an audit. As set forth in the Board of Auditors' Opposition to Motion to Strike and Appeal, the Board of Auditors requested that the accounting firm investigate the payment as part of its fiscal year 2015 audit, but the accounting firm declined to do so.[14] (Opposition to Motion to Strike and Appeal ¶ 7.) The Board of Auditors, therefore, opted to impose the surcharge on its own accord, using the findings of its own investigation instead of those from an audit. As we have concluded that any imposition of a surcharge must flow from the findings of an audit, we must conclude that the Board of Auditors lacked authority to impose a surcharge upon Raudensky. Accordingly, we affirm the trial court's dismissal of the surcharge.[15]

P. KEVIN BROBSON, Judge

---

[14] The record is silent as to whether the Board of Auditors attempted to appeal the substance of the 2015 audit under Section 917(c) of the Code.

[15] As we dispose of the matter on these grounds, we need not address the remaining issues on appeal relating to the merits of the surcharge.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Watts Township Board of Auditors, :
                       Appellant :
                                :
             v. : No. 1429 C.D. 2017
                                :
Karl Raudensky, Watts Township :
Supervisor :

# **O R D E R**

AND NOW, this 13th day of December, 2018, the Order of the Court of Common Pleas of the 41st Judicial District, Perry County Branch, is AFFIRMED.

P. KEVIN BROBSON, Judge
