## Commonwealth to use *v.* United States Fidelity & Guaranty Company.

*Public officers—County commissioners—Audit of accounts—Poor district.*

Where a county is coterminous with a poor district, and the county commissioners act in the capacity of overseers of the poor, a certificate of the county auditors that the commissioners did appear and present their accounts, and "we did audit, settle and adjust" their "accounts of the county as the same are stated in the foregoing account," without any reference to the accounts of the poor district, except a statement appended to the report that the commissioners had made illegal payments on account of the poorhouse, and surcharging them for a lump sum, is not sufficient to impose a liability on the surety of the commissioners for the amount of the surcharge.

In such a case it was the right of the commissioners and their surety to know from the auditor's report what item or items in the payments made by the commissioners were improper and illegal, and they were not required to appeal from a summary surcharge based upon the mere expression of opinion by the auditors.

Argued Oct. 18, 1907. Appeals, Nos. 65, 66 and 67, Oct. T., 1907, by defendant, from orders of C. P. Clarion Co., Aug. T., 1907, No. 126, 127 and 128, making absolute rule for judgments for want of a sufficient affidavit of defense in case of Commonwealth to use of the county of Clarion, at the suggestion and for the use of the Clarion County Poor District *v.* The United States Fidelity & Guaranty Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit on the official bond of county commissioners.

Rule for judgment for want of a sufficient affidavit of defense. Before WILSON, P. J.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Don C. Corbett,* with him *H. E. Rugh,* for appellant.—The duties performed by the ·commissioners as poor officers were

different from, and did not belong to, their office as commissioners of the county : Jenks Tp. v. Sheffield Tp., 135 Pa. 400 ; Melvin v. Summerville, 210 Pa. 41.

The law is well settled in the United States that sureties are not liable for after-imposed duties which cannot be presumed to have entered into the contemplation of the parties at the time the bond was executed : 2 Brandt, Suretyship & Guaranty, sec. 660 ; Gaussen v. United States, 97 U. S. 584 ; United States v. Kirkpatrick, 22 U. S. 720 ; United States v. Powell, 81 U. S. 493 ; United States v. Singer, 82 U. S. 111 ; Board of Supervisors of Monroe County v. Clark, 92 N. Y. 391 ; Hatch v. Inhabitants of Attleborough, 97 Mass. 533 ; State v. Roberts, 68 Missouri, 234 ; Schuster v. Weiss, 114 Mo. 158 (21 S. W. Repr. 438) ; Governor v. Ridgway, 12 Ill. 14 ; Compher v. People, 12 Ill. 290 ; People v. Tompkins, 74 Ill. 482.

The powers of county auditors are purely statutory. Such officers have no common-law jurisdiction : Schuylkill County v. Minogue, 160 Pa. 164 ; Glatfelter v. Com., 74 Pa. 74 ; Siggins v. Com., 85 Pa. 278.

A settlement of a treasurer's account by the county auditors is conclusive only where the latter has jurisdiction in the premises: Schuylkill County v. Minogue, 160 Pa. 164 ; Lehigh County v. Gossler, 24 Pa. Superior Ct. 406.

*H. M. Rimer,* with him *J. T. Reinsel* and *F. J. Maffett,* for appellee.—The poor district and the county and their officers, are but parts of the machinery which constitutes the public system, and are no more a division of the government than the allotment of certain officers to particular localities : Freeze v. County of Columbia, 6 W. N. C. 145 ; Commonwealth v. Brice, 22 Pa. 211.

The authorities are agreed, that for all acts of the principal done, virtute officii, the surety is liable, provided, of course, the sureties' undertaking extends to all the duties of the office : Wylie v. Gallagher et al., 46 Pa. 205 ; United States v. Thomas, 82 U. S. 337 ; Com. v. Toms, 45 Pa. 408 ; Com. to use v. Singer, 31 Pa. Superior Ct. 597.

The county auditors had jurisdiction of the accounts of the county commissioners relating to the poor district : Bank v. Com., 10 Pa. 442 ; Glatfelter v. Com., 74 Pa. 74.

Where the jurisdiction of the county auditors attaches to an office, it is exclusive and original,—unappealed from, it is final: Northumberland County v. Bloom, 3 W. & S. 542; Northampton County v. Yohe, 24 Pa. 305; Commissioners of Lycoming v. Lycoming County, 46 Pa. 496; Blackmore v. Allegheny County, 51 Pa. 160; Northampton County v. Herman, 119 Pa. 373; Schuylkill Co. v. Boyer, 125 Pa. 226; Westmoreland County v. Fisher, 172 Pa. 317; Spangler v. Com., 8 Watts, 57; McMicken v. Com., 58 Pa. 213.

OPINION BY MR. JUSTICE BROWN, March 2, 1908:

These three appeals, argued together, are from judgments entered against the appellant for want of a sufficient affidavit of defense in suits brought against it as surety on the official bonds of J. A. Summerville, G. W. Texter and J. S. Saxton, county commissioners of the county of Clarion. The condition of each bond was that the principal would faithfully discharge all duties imposed on him by law as such commissioner and faithfully and legally appropriate all county and other moneys which he, as such commissioner, should have authority to draw out of the county treasury upon checks or orders given by him, or the county commissioners of Clarion county, or over which he or they might have control.

By the Act of June 4, 1879, P. L. 78, creating poor districts, the county of Clarion became Clarion county poor district. This poor district is a separate quasi municipal corporation: Melvin v. Summerville, 210 Pa. 41. Such real estate as is needed to carry out the designs and purposes of the act creating the district is required to be taken in its name as the "Clarion County Poor District," and the moneys needed for its maintenance are raised by taxes assessed, levied and collected upon a separate basis, termed by the act, "taxation for poor purposes." The county commissioners, upon whom are now imposed the duties formerly performed by overseers of the poor, are required to keep accounts of all moneys received by them in any way, as well as paid out for the maintenance of the poor district, and these accounts are audited by the county auditors. The county treasurer, who is made ex officio treasurer of the poor district, pays out its moneys on warrants drawn by the commissioners. His accounts as treasurer of

COMMONWEALTH *v.* UNITED STATES F. & G. CO. 151

the district are audited by the county auditors " in accordance with the laws relating to accounts of county treasurer." Upon what the Clarion county poor district alleges in its statement was an audit of the accounts of the county commissioners of the moneys received and paid out by them for the poor district in the year 1905, filed in the court of common pleas of the county, and unappealed from, these suits were brought, and the court, having been of opinion that such report was conclusive of the liability of the principal in each bond, entered the judgments from which we have these appeals. The report of the county auditors seems to have been regarded by the parties to the suits and the court as a part of the statement in each case, though not formally made so, and we shall, therefore, so regard it, that we may now determine its effect upon the county commissioners in their disbursement of the funds of the poor district for the year 1905.

The certificate appended to the report of the auditors is as follows : " We, the undersigned Auditors of Clarion County, do certify that in pursuance of the Act of Assembly passed the 15th day of April, 1834, an Act relating to Counties, we met in the County Commissioners' office in Clarion on Monday, the 1st day of January A. D., 1906, whereupon we did serve notice on the Treasurer, Sheriff and Commissioners who did appear and present their several accounts and we did audit, settle and adjust their several accounts of the County as the same are stated in the foregoing accounts." This is all there is to show what accounts were audited, and, from it, it does not appear that the accounts of the county commissioners, as the custodians of the funds of the poor district, were audited, as required by sec. 17 of the act of 1879. On the contrary, the inference to be drawn from the certificate is that the only accounts audited were those of the sheriff, county treasurer and commissioners with the county, which are required to be audited by the act of April 15, 1834. Not a word is said in the certificate about the audit of any account of the county treasurer or commissioners with the poor district. The certificate is that the auditors did audit, settle and adjust their several accounts " of the county as the same are stated in the foregoing accounts." By " of the county," the auditors clearly meant " with the county," but whether " of "

or " with," there is no certificate of an audit of the commissioners' accounts with the Clarion county poor district.

Appended to the certificate of the auditors, showing what accounts they had audited, is the following signed by them: " To the court of common pleas of Clarion county: We, the undersigned county auditors, after careful investigation of the proceedings of the county commissioners during the year 1905, and after hearing the commissioners, find that, in our judgment, the commissioners have made improper and illegal payments on account of the building of the county poor house, and work connected therewith, to the amount of $14,868, and we, therefore, surcharge the county commissioners, viz.: J. A. Summerville, G. W. Texter and J. S. Saxton, equally with the said sum of $14,868; and we make this a part of our report." It is upon this that the Clarion county poor district relies for its judgment against the appellant, its contention being that it shows an audit of the accounts of the county commissioners in their disbursements of the poor funds and the surcharge resulting from such audit. On the other hand, the appellant in each affidavit of defense denies that the auditors' report, referred to in plaintiff's statement of claim, audited, settled and adjusted the accounts of the commissioners with the Clarion county poor district, and avers that said report is not a legal or binding judgment against them.

The law prescribes no form in which the report of county auditors shall be made: Godshalk v. Northampton County, 71 Pa. 324; but if any county officer whose accounts are to be audited is to be surcharged by the report of the auditors, it must appear that such surcharge is the result of auditing, settling and adjusting his accounts. The duty of the auditors is to " audit, settle and adjust " the accounts of the respective county officers, and until they have done so there can be no surcharge. Liability resulting from the report of county auditors is a statutory one, and the requirements of the statute must be followed before it can be incurred. In surcharging the county commissioners as the custodians of the funds of the poor district in this case it does not appear that such surcharge was the result of auditing, settling and adjusting their accounts. The report of the auditors is nothing more than an expression of opinion by them that the county poor-

house had cost too much money, and payments for it to the extent of $14,868 were, therefore, improper and illegal. That sum, with which the commissioners are surcharged, was not found to have been improperly and illegally paid as the result of auditing their accounts with the poor district and passing upon the disbursements made. What item or items in the payments made by the commissioners were improper and illegal? It was their right to know this from the auditors' report, and they were not required to appeal from a summary surcharge. The report has properly been treated by them as a nullity so far as it pretends to audit, settle and adjust their accounts with the poor district. Being but a mere expression of opinion by the auditors that the county commissioners had paid too much for the poorhouse, it would not be any evidence of liability in a suit against them to recover sums alleged to have been improperly expended by them, and much less can it be the basis of a final judgment against them because unappealed from. As it is not evidence of any liability by the commissioners to the poor district, no liability has been incurred by reason of it by the surety on their official bonds, even if the protection of the same extends to the district, which we need not now decide.

The assignment of error in each case is sustained and each judgment is reversed.