# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Watts Township Board of Auditors, : 
                     Appellant : 
                               : 
         v. : No. 1431 C.D. 2017
                               : Submitted: April 13, 2018
Patricia Gutheil, Watts Township : 
Supervisor : 

BEFORE: HONORABLE P. KEVIN BROBSON, Judge[1]
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                     **FILED: December 13, 2018**

        The Watts Township Board of Auditors (Board of Auditors) appeals *pro se* from the September 18, 2017 order issued by the Court of Common Pleas of the 41st Judicial District, Perry County Branch (trial court), which sustained the appeal of Watts Township Supervisor Patricia Gutheil (Gutheil). In that appeal, Gutheil challenged the Board of Auditors' authority to impose a surcharge against her pursuant to The Second Class Township Code (Code).[2] For the reasons discussed below, we affirm.[3]

---

[1] This opinion was reassigned to the authoring judge on July 17, 2018.

[2] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101-68701.

[3] This matter is one of four related (but not consolidated) appeals brought before this Court by the Board of Auditors, relating to the trial court's dismissal of various surcharges that the Board

On May 6, 2016, the Board of Auditors filed in the trial court a "Report of the Board of Auditors/Surcharge By Auditors" (Surcharge Report), seeking to impose upon Gutheil a surcharge in the amount of $347.65. The Board of Auditors averred in the Surcharge Report that, on January 5, 2016, the Township Supervisors approved a check payable to Gutheil for $347.65 for her attendance at meetings of the Township Supervisors in 2015 in violation of Section 606(a) of the Code,[4] 53 P.S. § 65606(a), which provides, in part, that "[s]upervisors may receive as compensation an amount established by ordinance." As no such ordinance existed at the time Gutheil attended the meetings, the Board of Auditors asserted that Gutheil could not receive compensation for her attendance.

The Board of Auditors further averred that the Township Supervisors knew that such payment constituted illegal compensation. As detailed in the Board of Auditors' Surcharge Report:

> [Gutheil] was also made aware of these payments being illegal throughout the year of 2015 at both public meetings and through written correspondence. On February 11, 2015, Brian Reifsnyder submitted a letter to the [Township Supervisors] requesting that an ordinance be drafted to legalize their pay. On March 4, 2015, Supervisor [Karl] Raudensky, at the monthly [Township] Supervisors' Meeting, stated that an ordinance is required to be paid. At the end of the meeting, the Supervisors (Karl Raudenksy, [Gutheil], Glenn Smithgall) unanimously agreed to pay themselves, along with the rest

of Auditors attempted to impose on three Watts Township Supervisors. The other matters are docketed as *Watts Township Board of Auditors v. Karl Raudensky*, 1429 C.D. 2017, *Watts Township Board of Auditors v. Glenn Smithgall*, 1430 C.D. 2017, and *Watts Township Board of Auditors v. Patricia Gutheil*, 1432 C.D. 2017. In each of these appeals, the Board of Auditors raises the same issues. The Pennsylvania State Association of Township Supervisors filed amicus curiae briefs in all four matters, supporting the positions of the Watts Township Supervisors (Township Supervisors).

[4] Section 606 of the Code was added by the Act of November 9, 1995, P.L. 350.

of the bills. On June 3rd, 2015, the Township Solicitor was attending the monthly [Township] Supervisors' Meeting. At that meeting, Brian Reifsnyder discussed the requirement of an ordinance for the Supervisors['] payments with the Solicitor. The Supervisors agreed to suspend their pay and have the Solicitor review the situation. On August 5, 2015, the Township Solicitor explained that the [Township] Supervisors could pass an ordinance to be paid and that after the passage of such an ordinance their pay can resume after the election cycle. On September 2, 2015, and after disregarding the advice of the Township Solicitor, the Township Supervisors (Karl Raudensky and Glenn Smithgall) approved paying themselves along with the rest of the bills.

(Reproduced Record (R.R.) at 1a-2a.)

Thereafter, on June 1, 2016, Gutheil filed a Motion to Strike and Appeal, wherein she challenged the Board of Auditors' authority to impose the surcharge. Specifically, Gutheil asserted that because the Township Supervisors chose to appoint an accounting firm to perform the audit for the 2015 fiscal year, Section 917(c) of the Code,[5] 53 P.S. § 65917(c), divested the Board of Auditors of its authority to impose a surcharge. (Motion to Strike and Appeal ¶¶ 8-10.) Alternatively, Gutheil challenged the merits of the surcharge, alleging that the payment did not violate any provisions of the Code. Accordingly, Gutheil sought dismissal of the surcharge. (*Id.* ¶¶ 13-17.)

On June 7, 2016, the Board of Auditors filed an Opposition to Motion to Strike and Appeal. In so doing, the Board of Auditors asserted that, pursuant to Section 907 of the Code, 53 P.S. § 65907, it must impose a surcharge *any time* an elected or appointed officer causes a loss to the Township through a violation of the law. (Opposition to Motion to Strike and Appeal ¶¶ 1-3.) With respect to the

---

[5] Section 917 of the Code was added by the Act of November 9, 1995, P.L. 350.

3

appointment of an accounting firm, the Board of Auditors noted that the Township Supervisors appointed an accounting firm to audit the 2015 fiscal year, whereas the surcharge stemmed from a payment made in the 2016 year. Accordingly, the Board of Auditors argued that, because the Township Supervisors did not appoint an accounting firm for the 2016 fiscal year, the Board of Auditors retained the authority to impose the surcharge.[6] (*Id.* ¶¶ 4-5.) Further, the Board of Auditors asserted that it asked the accounting firm to investigate the payment, but the accounting firm declined. The Board of Auditors viewed this as a violation of the accounting firm's duty. Specifically, the Board of Auditors averred:

> On or about February 8th, 2016, the [Board of Auditors] delivered a letter to [the accounting firm] to inform [the accounting firm that] the [Township Supervisors] were paying themselves in violation of Section 606 of the [Code] and requested that a surcharge be issued. On or about March 4th, 2016, [a representative of the accounting firm] verbally informed [a Board of Auditors' member] that [the accounting firm] was not going to investigate the allegations of the [Board of Auditors].

(*Id.* ¶ 7.) In light of this, the Board of Auditors apparently believed that Section 907 of the Code compelled it to impose the surcharge on its own accord.

After briefing and oral argument, the trial court sustained Gutheil's motion and dismissed the surcharge. In so doing, the trial court concluded that a board of auditors may issue a surcharge "only in conjunction with an audit." (R.R. at 18a.) As the surcharge here did not stem from the findings within an audit, the trial court concluded that the Board of Auditors lacked authority to impose the

---

[6] We note that, at the time the Board of Auditors made this assertion, the Township's 2016 fiscal year had not yet been completed. *See* Section 3201 of the Code, added by the Act of November 9, 1995, P.L. 350, 53 P.S. § 68201 ("The fiscal year in townships commences on the first day of January in each year. All receipts, disbursements, contracts, and purchases shall be entered as of record in the fiscal year in which made.").

surcharge. (*Id.*) The trial court further held that a board of auditors is divested of its surcharge authority when the township supervisors appoint an outside accountant to perform the audit. (*Id.*) The Board of Auditors now appeals the trial court's decision.

On appeal,[7] the Board of Auditors argues that the trial court erred in concluding that the Board of Auditors lacked the authority to impose a surcharge against Gutheil when the Township Supervisors appointed an independent accountant to perform Watts Township's annual audit.[8] The Board of Auditors further argues the merits of its surcharge, specifically that a surcharge is warranted because: (1) the Township Supervisors violated the Code when they compensated themselves for supervisory duties in the absence of an ordinance authorizing the compensation; (2) the Township Supervisors cannot be compensated retroactively for supervisory duties; and (3) the Township Supervisors must wait until the next

---

[7] Because the issue on appeal is purely a question of law, our standard of review is *de novo* and our scope of review is plenary. *In re Appeal of 2012 Fin. Audit of Greene Twp.*, 113 A.3d 372, 374 n.5 (Pa. Cmwlth. 2015).

[8] As to the Board of Auditors' authority, the Board of Auditors argues that Section 907(a) of the Code authorizes a board of auditors to surcharge a township officer *any time* the officer causes a loss to the township through violation of the law. Section 907(a) of the Code provides, in pertinent part, that "[t]he board of auditors shall surcharge any elected or appointed officer for the amount of any loss to the township caused in whole or in part by the officer's act or omission in violation of law or beyond the scope of the officer's authority." Conversely, Gutheil maintains her position that a board of auditors may only surcharge an officer when that surcharge flows from the findings of an audit performed either by a board of auditors or an appointed outside accountant. Further, Gutheil asserts that, pursuant to Section 917(c) of the Code, the township supervisors' appointment of an outside accountant to conduct the audit divests a board of auditors of its surcharge authority.

5

term of office to be compensated at the rate prescribed by an ordinance passed during their current term of office.[9]

This Court adequately addressed all of the issues in this appeal in our opinion in *Watts Township Board of Auditors v. Karl Raudensky*, ___ A.3d ___ (Pa. Cmwlth., No. 1429 C.D. 2017, filed December 13, 2018). We incorporate that opinion by reference and reach the same conclusions in this case.

Accordingly, we affirm the trial court's dismissal of the surcharge.

P. KEVIN BROBSON, Judge

---

[9] The Board of Auditors also argues that the trial court erred when it ruled in favor of Raudensky without hearing oral argument from the Board of Auditors, but the Board of Auditors waived that argument by failing to raise it in its statement of errors complained of on appeal filed pursuant to Pa. R.A.P. 1925(b). *See* Pa. R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement . . . are waived.").

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Watts Township Board of Auditors, : 
                        Appellant : 
                                : 
                      : 
              v. :   No. 1431 C.D. 2017
                                : 
Patricia Gutheil, Watts Township : 
Supervisor : 

# **O R D E R**

AND NOW, this 13th day of December, 2018, the Order of the Court of Common Pleas of the 41st Judicial District, Perry County Branch, is AFFIRMED.

                                                 

                                        P. KEVIN BROBSON, Judge