IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Mary Stitzer, Individually and :
in her Capacity as Treasurer of East Union :
Township, Schuylkill County, Pennsylvania :
and John Dettery, individually and in his :
Capacity as Supervisor of East Union : No. 1339 C.D. 2019
Township, Schuylkill County, : No. 1340 C.D. 2019
Pennsylvania : Argued:  May 12, 2020
 :
Appeal of: East Union Township :
Board of Auditors :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                            FILED:  October 8, 2020


The East Union Township (Township) Board of Auditors (Board of Auditors) appeals the orders of the Court of Common Pleas of Schuylkill County (trial court), which granted John Dettery's (Dettery) and Mary Stitzer's (Stitzer) petitions for dismissal of the surcharge actions against them.  The trial court applied this Court's decision in *Watts Township Board of Auditors v. Raudensky*, 200 A.3d 129 (Pa. Cmwlth. 2018), and held that the Township's Board of Auditors lacked authority under The Second Class Township Code (Code)[1] to conduct the audit underlying the surcharge actions.  For the reasons discussed below, we affirm.

_____

[1] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§65101-68701.

The Township is a second class township located in Schuylkill County, Pennsylvania. The Board of Auditors retained the public accounting firm Lettich and Zipay to conduct the Township's annual audits from 2014 through 2018. Reproduced Record (R.R.) at 86a-87a.

Stitzer served as the Township's treasurer from 2014 until her resignation in July 2018. On August 1, 2018, the Township's Board of Supervisors (Board of Supervisors) passed a motion directing the Board of Auditors to appoint outside counsel for an audit of Stitzer's pay. R.R. at 14a.

The Board of Auditors submitted an application for the appointment of outside counsel to the trial court. The trial court granted the application for appointment. On March 2, 2019, after completing an investigation, the Township's appointed counsel filed surcharge actions in the trial court against Dettery, a Supervisor, and Stitzer for $63,011.60. R.R. at 18a-40a. On July 10, 2019, the trial court conducted a hearing to determine whether the surcharge actions should be dismissed based on *Watts*.

At the hearing, Board of Auditors member Robert Gabardi (Gabardi) testified that the Board of Auditors had requested that Lettich and Zipay review and sign off on the investigation, but Lettich and Zipay failed to do so. R.R. at 93a. Gabardi agreed that the surcharge actions against Dettery and Stitzer stemmed from the Board of Auditors' investigation, not from the findings of an audit or an auditor's report. *Id.* at 94a. Gabardi conceded that the Board of Supervisors could have requested Lettich and Zipay to investigate the payments made to Stitzer. *Id.* at 99a.

The trial court, applying *Watts*, found that the Board of Auditors lacked the authority under the Code to conduct such an audit. By orders dated

2

September 4, 2019, and September 5, 2019, respectively, the trial court dismissed the surcharge actions against Stitzer and Dettery. The Board of Auditors appealed the trial court's dismissals. The appeals were consolidated by this Court's order of December 11, 2019.

On appeal,[2] the Board of Auditors argues that the trial court erred in concluding that it lacked the authority to impose a surcharge against Stitzer and Dettery based on *Watts*. The Board of Auditors asserts that the instant surcharge actions stem from the audit of Stitzer's accounts upon her resignation as treasurer, which was mandated by Section 901(b) of the Code, 53 P.S. §65901(b).

Further, the Board of Auditors contends that the audit it conducted is outside the scope of authority given to the public accounting firm for conducting annual audits under Section 917 of the Code, 53 P.S. §65917.[3] Rather, the Board of Auditors contends that Section 917(c) specifically requires that the Board of Auditors "perform the other duties of the office" and does not provide the appointed accountant the authority to determine compensation, leaving that power with the Board of Auditors, 53 P.S. §65917(c).

In response, Stitzer and Dettery argue that the trial court correctly dismissed the surcharge actions because *Watts* held that a surcharge action must flow from an audit, not an independent investigation of a board of auditors. Stitzer and Dettery argue that the Board of Auditors' appointment of Lettich and Zipay, pursuant to Section 917(c) of the Code, divested the Board of Auditors of the

---

[2] Because the issue on appeal is purely a question of law, our standard of review is *de novo* and our scope of review is plenary. *In re Appeal of 2012 Financial Audit for Greene Township*, 113 A.3d 372, 374 n.5 (Pa. Cmwlth. 2015).

[3] Section 917 of the Code was added by the Act of November 9, 1995, P.L. 350.

authority to conduct its own audit. Therefore, Stitzer and Dettery assert that any surcharge action must flow from the audits Lettich and Zipay conducted.[4]

In *Watts*, the accounting firm that the board of auditors had appointed to conduct the township's annual audits declined to investigate a particular payment that the board of auditors had requested it review. The board of auditors conducted its own investigation and filed the surcharge action at issue. *Watts*, 200 A.3d at 131-32. The trial court was charged with determining whether a board of auditors is authorized to impose a surcharge only in connection with an audit, or whether it may impose a surcharge at any time. The court reviewed Section 907 of the Code[5] and determined that it is "subject to two reasonable interpretations as to

---

[4] Dettery's argument that the surcharge action cannot be maintained against him under Section 901(b) of the Code was not raised before the trial court and is therefore waived for purposes of appeal. Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Siegfried v. Borough of Wilson*, 695 A.2d 892, 894 (Pa. Cmwlth. 1997).

[5] 53 P.S. §65907. Section 907 provides:

> (a) The board of auditors shall surcharge any elected or appointed officer for the amount of any loss to the township caused in whole or in part by the officer's act or omission in violation of law or beyond the scope of the officer's authority. If the auditors find an absence of intent to violate the law or exceed the scope of authority and find the result of the officer's act could have been achieved by legal means and authorized procedures, the surcharge imposed shall be limited to the difference between the costs actually incurred by the township and the costs that would have been incurred had legal means and authorized procedures been employed. Provisions of this section which limit the amount of surcharge do not apply to cases involving fraud or collusion on the part of the officers or to any penalty ensuing to the benefit of or payable to the Commonwealth.

**(Footnote continued on next page…)**

when [surcharges] may occur[,]" necessitating a comprehensive review of the statutory scheme. *Id.* at 134.

After a thorough review of Code Sections 901 through 917, the court concluded that the Code requires a surcharge action to flow from an audit. 53 P.S. §§65901-65917. Section 917 of the Code provides the procedures for an annual audit of the Township's accounts should a board of auditors elect to appoint an accounting firm, 53 P.S. §65917. As this Court articulated in *Watts* on appeal,

> Section 917(c) serves to limit a board of auditors' power to perform other duties. Specifically, Section 917(c) of the Code provides, in part, that when an accountant is appointed, "the board of auditors *shall not audit, settle or adjust the accounts audited by the appointee but shall perform the other duties of the office*," and that "[t]he accountant or firm has the powers given to the board of auditors under [the Code], except the audit shall be made in accordance with generally accepted auditing standards."

*Watts*, 200 A.3d at 136 (emphasis in original).

---

**(continued…)**

> (b) Any balance in any report of the board of auditors against any officer of the township constitutes a surcharge against the officer as fully as if expressly stated in the report to be a surcharge. The board of auditors shall direct the clerk of court of common pleas to certify the amount of every balance or surcharge from which no appeal has been taken under sections 909 and 910 to the court of common pleas, and the prothonotary shall enter the balance or surcharge as a judgment against the officer in favor of the township.

*Id.*

5

Section 917 of the Code details the process by which a board of auditors can appoint an accountant to perform the township's annual audits. Should a board of auditors opt to appoint an accountant, Section 917(c) limits the power the board of auditors retains. *See* Section 917(c), 53 P.S. §65917(c) ("[T]he board of auditors shall not audit, settle or adjust the accounts audited by the appointee but shall perform the other duties of the office."). In this case, the Board of Auditors appointed Lettich and Zipay, divesting itself of the authority to perform audits.

Here, like *Watts*, it is clear that the Board of Auditors did not impose the surcharges in connection with an audit. Rather, the Board of Auditors conducted its own investigation and used the findings as the basis for the surcharges. As this Court has previously determined, imposition of a surcharge must flow from the findings of an audit. *Watts*, 200 A.3d at 136. Therefore, we must conclude that the Board of Auditors lacked the authority to impose the surcharges against Stitzer and Dettery. Accordingly, we affirm the trial court's dismissal of the surcharges.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:  Mary Stitzer, Individually and          :
in her Capacity as Treasurer of East Union      :
Township, Schuylkill County, Pennsylvania       :
and John Dettery, individually and in his       :
Capacity as Supervisor of East Union            : No. 1339 C.D. 2019
Township, Schuylkill County,                    : No. 1340 C.D. 2019
Pennsylvania                                     :
                                                 :
Appeal of: East Union Township                   :
Board of Auditors                                :


# **O R D E R**


AND NOW, this 8th day of October, 2020, the orders of the Court of
Common Pleas of Schuylkill County, dated September 4, 2019, and September 5,
2019, are AFFRIMED.


_____
MICHAEL H. WOJCIK, Judge